# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FRANK MORETTI-MOROTE,<br><br>                 Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, JR., Attorney General of the United States, and NATHALIE ASHER, Seattle Field Office Director, United States Immigration and Customs Enforcement,<br><br>                 Respondents. | Case No. C11-1856-JLR-JPD<br><br>REPORT AND RECOMMENDATION |

## I.    INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Frank Moretti-Morote is currently held in immigration custody at the Northwest Detention Center in Tacoma, Washington. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention, and seeking release under an order of supervision or on bond. Dkt. 4. On January 24, 2012, petitioner was accorded a bond hearing pursuant to *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008), and *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008), and was granted release under bond of $25,000. Dkt. 16, Ex. 1. Because petitioner has received a bond hearing and was granted release under

bond, the Court recommends that the habeas petition be DENIED, respondents' motion to dismiss be GRANTED, and this case be DISMISSED with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Peru who entered the United States in 1995 without inspection by an immigration officer. Administrative Record ("AR") at L19. He applied for asylum and his application was granted on September 28, 1999. AR at L108-14, R119. On December 21, 2004, petitioner was convicted of possession of a controlled substance. AR at L464-65. Thereafter, the Department of Homeland Security moved to reopen petitioner's deportation proceedings and terminate his asylee status, which was granted. AR at L217-19, L423-24.

On May 23, 2011, an immigration judge ("IJ") denied petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to Peru. AR at R434. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on October 26, 2011. AR at L681-82. Petitioner filed a petition for review of the BIA's decision with the Ninth Circuit Court of Appeals, which remains pending and a temporary stay of removal is in place. *See Moretti-Morote v. Holder*, No. 11-73593 (9th Cir. filed November 25, 2011).

Petitioner filed the present petition on November 29, 2011, challenging the legality of his detention, and seeking release under an order of supervision or on bond. Dkt. 4. Respondents filed a return to the petition on December 10, 2011, indicating that a bond hearing was expected on or before January 27, 2012. Dkt. 4. Accordingly, the Court ordered respondents to furnish the Court with a copy of petitioner's bond proceedings. Dkt. 13.

The hearing was conducted on January 24, 2012, and on February 3, 2012, the IJ issued a written decision finding concerns that petitioner was a flight risk and granting him release on $25,000 bond. Dkt. 15, Ex. 1. Petitioner now moves for a bond reduction, arguing that he is unable to afford the $25,000 bond amount.

### III. DISCUSSION

Title 28 U.S.C. § 2241(c)(3) authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (citations omitted). "Even where detention is permissible, however, due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Casas-Castrillon*, 535 F.3d at 950 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)).

When an alien's removal has been stayed pending judicial review of the order of removal, the alien is detained pursuant to the Attorney General's discretionary authority under 8 U.S.C. § 1226(a). *Casas-Castrillon*, 535 F.3d at 951; *Prieto-Romero*, 534 F.3d at 1065-66. Procedural due process requires that such aliens be afforded an individualized bond hearing before an immigration judge, at which the government bears the burden to prove by clear and convincing evidence that the alien is a flight risk or a danger to the community to justify denial of bond. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

In the present case, all of these requirements were met. As the IJ indicated in the memorandum decision, "[i]t is the government's burden to prove by clear and convincing

evidence that continued detention is justified." Dkt. 16, Ex 1 at 5. The IJ did not find that the government met its burden by clear and convincing evidence that petitioner was a danger. *Id*. at 7. However, the IJ had concerns that petitioner was a flight risk as expressed by the government and, therefore, set bond at $25,000. *Id*. at 8. Because petitioner's bond hearing provided petitioner with the sole remedy to which he was entitled, his petition must be denied as moot. *See Casas-Castrillon*, 535 F.3d at 951; *Prieto-Romero*, 534 F.3d at 1067.

Petitioner asks this Court to direct the immigration judge to release him on conditional parole or to reduce his bond to $1,500. Dkt. 16. Section 1226(e), however, does not permit the Court to review the IJ's discretionary judgment regarding the reasonableness of the bond amount, even if petitioner cannot afford to pay it. *Prieto-Romero*, 534 F.3d at 1067. That provision provides: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Thus, the Court lacks jurisdiction to reach the merits of petitioner's claim.[1]

---

[1] To the extent petitioner challenges the lawfulness of his removal to Peru, such claims are not reviewable by this Court. Dkt. 8. The REAL ID Act of 2005 eliminated all federal district court jurisdiction over final orders of removal and vested the courts of appeal with the "sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5); *see also* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section"). The Court lacks jurisdiction to consider the merits of petitioner's claim that the IJ and the BIA ignored evidence he presented in support of his application for relief – as it relates to a final order of removability. Petitioner's claim is currently and properly pending review before the Ninth Circuit.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DENIED, respondents' motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice. All other pending motions should be STRICKEN as moot. A proposed order accompanies this Report and Recommendation.

DATED this 30th day of April, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge